IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO. 23-33492 |
| MAD SCIENCE MACHINING, LLC, | ) | |
| | ) | |
| DEBTOR. | ) | CHAPTER 11 |

**SPARTAN BUSINESS SOLUTIONS, LLC'S LIMITED OBJECTION TO DEBTOR'S PLAN OF REORGANIZATION PURSUANT TO BANKRUPTCY CODE SECTION 1190**

Creditor, Spartan Business Solutions, LLC ("Spartan"), by and through its undersigned counsel, files this Limited Objection to Debtor's Plan of Reorganization Pursuant To Section 1190 of the Bankruptcy Code [Doc. # 85] (the "Plan"), and in support thereof would respectfully show as follows:

**I. RELEVANT PROCEDURAL FACTS**

1. Debtor, Mad Science Machining, LLC ("Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (Doc. #1) on September 7, 2023 (the "Petition Date").

2. On September 28, 2023, Spartan filed a secured proof of claim (Claim 6) in the amount of $303,275.00. Debtor listed Spartan in its schedules as disputed and unsecured in the amount of $298,275.00.[1] Further, Debtor's proposed plan (the "Plan," Doc. #85) lists Spartan's claim as under secured and, therefore, proposes to treat it as a class 6 unsecured claim.[2]

3. The performance of the obligations as to Spartan's claims against Debtor are guaranteed by Ryan Madsen ("Mr. Madsen") pursuant to a Guarantee ancillary to the *Standard*

---

[1] Doc. #30 at pg. 2.
[2] Doc. #85 at pg. 18.

*Merchant Cash Advance Agreement* executed by Debtor and Mr. Madsen that is attached to Spartan's proof of claim at Claim 6-1, Page 14.

4. Debtor filed its Plan [Doc. # 85] on December 6, 2023. Thereafter, on December 8, 2023, the Court entered the Order and Notice Fixing Time for Filing Objections to Confirmation of Plan and Fixing Time for Hearing on Confirmation of Plan (the "Order") [Doc. # 86] which set the confirmation hearing for January 11, 2024, at 2:30 p.m.

5. Per the Order, the deadline to object to the Plan is January 3, 2024. Accordingly, this limited objection is filed in a timely manner.

6. Spartan's limited objection concerns two particular provisions included in the Debtor's Plan. The first is found in Article VIII, Section E of the Plan, which contains an attempted release or modification of the potential liability of non-Debtor parties to creditors. Specifically, the Plan proposes to enjoin creditors from seeking payment on their Claims (as defined in the Plan) except as allowed under the Plan. The specific language in the Plan found in Article VIII, Section E is as follows:

> Additionally, all holders of Claims, all holders of Equity Interests, and all other parties in interest in the Bankruptcy Case shall be enjoined from seeking payment on their Claims or Interests except as otherwise provided in the Plan from Debtor.[3]

This provision effectively prevents Creditors from seeking recovery from non-Debtor parties who may be liable on the same or similar obligations owed by Debtor.

7. Additionally, in Article IX, entitled "Mechanics/Implementation of Plan," Debtor attempts to modify various guaranty and other contractual obligations which are not obligations of the Debtor and limit the same to the terms and parameters of the Plan. The specific language in Article IX of the proposed Plan is as follows:

---

[3] *See* Article VIII, Section E of Debtor's proposed Plan.

> All guarantees and other obligations shall be deemed modified to reflect the restructuring of the primary obligations under the Plan. If the plan is confirmed, a creditor may not enforce liability under a guaranty or other third-party claim unless the Debtor defaults under the Plan for that creditor. In the event of default, only the amount owing under the Plan shall be recovered from the guarantor. This provision is intended to apply to creditors who had previously recovered judgments against the guarantor.

If Article IX's language is allowed to stand, then all non-debtor guaranty agreements associated with debts owed by Debtor will effectively be modified through the implementation of the Plan, even though the identity of such non-debtor guarantors are not identified, or the specific contracts to be modified are not referenced with any specificity.

## II. LIMITED OBJECTION AS TO RELEASE AND INJUNCTION LANGUAGE

8.  Debtor's Plan should be denied as written because it impermissibly attempts to discharge and/or limit claims and potential liability of non-Debtor parties. Said provisions are improper under 11 U.S.C. § 524(e) because a debtor's discharge in bankruptcy does not affect the liability of a non-Debtor third-party.

9.  In a similar case, the Fifth Circuit of the United States Court of Appeals in *NCNB Tex. Nat. Bank v. Johnson* held that allowing a plan of reorganization to effectively discharge a personal guarantor's liability "would defeat the purpose of loan guaranties; after all, a lender obtains guaranties specifically to provide an alternative source of repayment in the event that the primary obligor's debt is discharged in bankruptcy. Accordingly, the Bankruptcy Code provides that discharge in bankruptcy will not alter the liability of guarantors."[4]

10. In the current case, non-debtors Mr. Madsen personally guaranteed the performance of Debtor's obligations owed to Spartan and any release of potential liabilities or modifications of the same is inappropriate under the applicable law. Article IX of the proposed Plan seeks to limit

---

[4] *NCNB Tex. Nat. Bank v. Johnson*, 11 F.3d 1260, 1266 (5th Cir. 1994) (internal citations omitted).

the potential recovery by Spartan against such non-Debtor parties to the terms and conditions imposed by the confirmed Plan. Simply put, the release of such non-Debtor third-party persons and/or entities, whether partial or in full, is impermissible under 11 U.S.C. § 524(e) and the case law interpreting and applying such provision in the Fifth Circuit.[5]

11.     Spartan also objects to the imposition of injunction language as set forth in Articles VIII and IX of the Plan on the basis that the Debtor has not met the high evidentiary burden required to impose injunctive relief. The Fifth Circuit has historically been unwilling to confirm Chapter 11 Plans containing "non-consensual nondebtor releases and permanent injunctions."[6] Even in districts and circuits where such provisions are considered, there is an often-cited seven-factor test to determine whether such provisions are permissible which can only be applied under "unusual circumstances."[7]

12.     To the extent Articles XIII and IX of the Plan request the entry of even a temporary injunction, such language should be denied. In order for a debtor to be entitled to injunctive language in a Chapter 11 Plan, a debtor must meet the evidentiary burden of obtaining an injunction.[8] This includes establishing the following elements: (1) a substantial likelihood the movant will prevail on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is not granted; (3) that the threatened injury to the movant outweighs the threatened harm an injunction may cause to the party opposing the injunction; and (4) the granting of the injunction will not disserve the public interest.[9] Debtor has not established elements (2) or

---

[5] *See In re Applewood Chair Co.*, 203 F.3d 914, 918 (5th Cir. 2000); *see also Hernandez v. Larry Miller Roofing, Inc.*, 628 Fed. Appx. 281, 285 (5th Cir. 2016), as revised (Jan. 6, 2016); 11 U.S.C. § 524(e).
[6] *See generally Bank of N.Y. Trust Co. v. Official Unsecured Creditors' Comm. (In re Pacific Lumber Co.)*, 584 F.3d 229, 252 (5th Cir. 2009) calling the permissibility of such plan terms "foreclosed" in the Fifth Circuit).
[7] *See Class Five Nevada Claimants v. Dow Corning Corporation (In re Dow Corning Corp.)*, 280 F.3d 648, 658 (6th Cir. 2002).
[8] *In re Bernhard Steiner Pianos USA, Inc.*, 292 B.R. 109, 118 (N.D. Tex. 2002), *citing Canal Authority v. Callaway*, 489 F.2d 567 (5th Cir. 1974).
[9] *Id.*

(3) cited above that Debtor cannot successfully reorganize by Spartan pursuing its claims, if any are pursued, against Mr. Madsen.

13. Further, Spartan objects to the Plan as violative of Fed. R. Bankr. P. 3016(c) as it fails to specifically and conspicuously describe all acts to be enjoined and/or identify the entities subject to injunctions against conduct not otherwise enjoined under the Bankruptcy Code. Specifically, the Fed. R. Bankr. P. 3016(c) states in relevant part as follows:

> If a plan provides for an injunction not otherwise enjoined under the Code, the plan and disclosure statement shall describe in specific and conspicuous language (bold, italic, or underlined text) all acts to be enjoined and identify the entities that would be subject to the injunction.[10]

The advisory notes interpreting and explaining subsection (c) of Rule 3016 explain in relevant part, "if a plan provides that creditors will be permanently enjoined from asserting claims against persons who are not debtors in the case, the plan and disclosure statement must highlight the injunctive language and comply with the requirements of Rule 3016(c)."

14. However, the injunction language in Articles VIII and IX of the Plan are not conspicuous as required by Fed. R. Bankr. P. 3016(c). Instead, the language is of the same size, font, and color of other provisions in the proposed Plan. Moreover, Debtor's Plan fails to identify with any specificity the individuals and/or entities to whom the injunction would apply. Without such specificity, it is unclear whether Spartan or other similarly situated parties are enjoined from pursuing non-debtor guarantors. Accordingly, the injunction language contained in the Plan is improper and should be removed should the Debtor otherwise meet its burden to confirm the Plan.

---

[10] Fed. R. Bankr. P. 3016(c).

15. Therefore, Spartan objects to the Plan and, specifically, the sections enumerated above, to the extent they attempt to release non-debtor parties from any claims that Spartan may have against them or otherwise bar or limit recovery.

### III. Conclusion and Request for Relief

For the reasons stated herein, Spartan requests that the Court sustain its limited objection and deny confirmation of the Plan until it is so amended to address the issues regarding release and injunction pertaining to non-debtor parties. Further, Spartan requests the Court grant such other and further relief, both general and specific, to which Spartan demonstrates itself entitled.

**Respectfully submitted,**

PADFIELD & STOUT, L.L.P.
420 Throckmorton Street, Suite 1210
Fort Worth, Texas 76102
(817) 338-1616 - Telephone
(817) 338-1610 - Facsimile

/s/ Matthew B. Fronda
Matthew B. Fronda
State Bar No. 24086264
mfronda@padfieldstout.com

## CERTIFICATE OF SERVICE

The undersigned converted the foregoing document into an electronic image, via portable document format (.pdf), electronically submitted same to the Internet web portal for the Clerk of this Court utilizing the Electronic Management and Electronic Case Filing system of the Court, which has caused service, via Simple Mail Transfer Protocol (e-mail), of a Notice of Electronic Filing of this imaged document to the below-identified parties on Wednesday, January 3, 2024; said e-mail provides an attributable hyperlink to the document, in portable document format, except for Debtor(s), and any other entity so identified below or on the EM/ECF filing sheet, whereas in that instance such document was mailed via First Class United States Mail, to-wit:

| | |
|---|---|
| **Mad Science Machining, LLC**<br>2004 Airport Road<br>Spring, Texas 77301<br><br>*Debtor* | **Robert Lane**<br>The Lane Law Firm<br>6200 Savoy, Suite 1150<br>Houston, Texas 77036<br><br>*Attorney for Debtor* |
| **Thomas A. Howley**<br>Howley Law PLLC<br>711 Louisiana Street, Suite 1850<br>Houston, Texas 77002<br><br>*Subchapter V Trustee* | **United States Trustee**<br>Office of the US Trustee<br>515 Rusk Ave., Suite 3516<br>Houston, Texas 77002 |
| **Jana Smith Whitworth**<br>Office of the United States Trustee<br>515 Rusk Street, Suite 3516<br>Houston, Texas 77002<br><br>*Counsel for U.S. Trustee* | **All those receiving ECF notification in this case and the attached list of 20 largest unsecured creditors.** |

          /s/ Matthew B. Fronda
          Matthew B. Fronda

| | | |
|---|---|---|
| Ascentium Capital<br>23970 US-59<br>Kingwood, TX 77339 | Ascentium Capital<br>23970 US-59<br>Kingwood, TX 77339 | Banterra Bank<br>1404 Rt. 45<br>Eldorado, IL 62930 |
| Everest Business Funding<br>5 West 37th St 2nd Floor<br>New York, NY 10018 | Falcon Leasing<br>28 11th Ave S. STE 103<br>Saint Cloud, MN 56301 | Falcon Leasing<br>28 11th Ave S. STE 103<br>Saint Cloud, MN 56301 |
| Highland Capital Corp<br>5 Center Ave<br>Little Falls, NJ 07424 | Highland Capital Corp<br>5 Center Ave<br>Little Falls, NJ 07424 | Leaf Commercial Capital, Inc.<br>One Commerce Square<br>2005 Market Street 14th Floor<br>Philadelphia, PA 19103 |
| Midland Equipment Finance<br>PO Box 24245<br>Seattle, WA 98124 | Midland Equipment Finance<br>PO Box 24245<br>Seattle, WA 98124 | North Mill Credit Trust<br>81 Throckmorton Ave<br>Mill Valley, CA 94941 |
| Overton Funding LLC<br>2802 N 29th Avenue<br>Hollywood, FL 33020 | Pawnee Leasing Corporation<br>3801 Automation Way Suite 207<br>Fort Collins, CO 80525 | Slim Capital, LLC<br>9301 Wilshire Blvd. Suite 425<br>Beverly Hills, CA 90210 |
| Spartan Business Solutions, LLC<br>d/b/a Spartan Capital<br>371 E Main St. Suite 2<br>Middletown, NY 10940 | Wintrust Specialty Finance<br>5403 Olympic Drive NW STE 200<br>Gig Harbor, WA 98335 | Wintrust Specialty Finance<br>5403 Olympic Drive NW STE 200<br>Gig Harbor, WA 98335 |

20 Largest Unsecured Creditors for
Case No. 23-33492