United States Bankruptcy Court
Southern District of Texas
**ENTERED**
March 01, 2024
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 23-33492 |
| **MAD SCIENCE MACHINING, LLC** | § | |
| | § | |
| **Debtor** | § | CHAPTER 11 |

## ORDER CONFIRMING DEBTOR'S CONSENSUAL SECOND AMENDED PLAN OF REORGANIZATION
### (Docket No. 118)

Came on for consideration the Debtor's Second Amended Consensual Subchapter V Plan of Reorganization filed February 14, 2024 pursuant to 11 U.S.C. § 1129 and 1191. After hearing evidence, the Court finds as follows:

1. The Second Amended Subchapter V Plan of Reorganization (Docket No. 118)("Plan"), and a ballot for accepting or rejecting the Plan, have been transmitted to all creditors and parties in interest.

2. Notice of the hearing on confirmation of the Plan has been given in accordance with Title 11, United States Code, the Order of the Court and the Federal and Local Rules of Bankruptcy Procedure.

3. The Plan complies with all applicable provisions of the Bankruptcy Code and applicable Bankruptcy Rules relating to confirmation.

4. Not all classes of creditors voted to accept the Plan. The Plan nonetheless meets the requirements of 11 U.S.C. § 1191(b) and (c).

5. No objections were filed objecting to confirmation of the Plan. The Plan provides that the Debtor will act as the payment administrator under the Plan. The Debtor, acting as payment administrator, will be to the benefit of the creditors, as it will reduce administrative expenses post-confirmation. It is;

ORDERED and ADJUDGED that:

1. The Second Amended Subchapter V Plan of Reorganization, which is set out as Exhibit "A" hereto is hereby CONFIRMED under 11 U.S.C. §§ 1129.

2. In accordance with Section 1142 of the United States Bankruptcy Code, the Debtor is authorized and directed, without the necessity of any further approval, to immediately take any action necessary or appropriate to implement, effectuate, and consummate the Plan and any transactions contemplated thereby or by this Order in accordance with their respective terms.

3. In accordance with 11 U.S.C. § 1194(b), the Debtor shall be the disbursing agent as to all creditor payments pursuant to the terms of the Chapter 11 Plan. The Sub Chapter V Trustee (the "Trustee") shall not be responsible for making any payments to creditors under the Plan;

4. Within 3 days after the Effective Date of the Plan, counsel for the Debtor shall serve notice of (i) entry of this Confirmation Order; (ii) the occurrence of the Effective Date; and (iii) any bar dates and any other deadlines set by the Plan ("Notice"), pursuant to Bankruptcy Rule 3020(c). The Notice shall be sent to all creditors and parties-in-interest by first class mail, postage prepaid. Counsel for the Debtor shall thereafter promptly file a copy of such Notice with proof of mailing with the Court.

5. Debtor will not be required to file anymore monthly operating reports upon confirmation of this Plan.

6. All fees due and payable pursuant to section 1930 of Title 28 of the United States Code prior to the Effective Date shall be paid by the Debtor on the Effective Date. After the Effective Date, the Debtor and the Reorganized Debtor shall be jointly and severally liable to pay any and all such fees when due and payable.

7. **Class 2 Claimants - 2-2 Montgomery County** ("Montgomery" pertains to the allowed secured claim of Montgomery County in the amount of $14,304.90 (Claim No. 2-2). The Montgomery claim is for taxes due for 2023 and 2022 taxes.

Montgomery's claim will be paid over 60 equal monthly payments beginning 30 days after the Effective Date of the Plan. The 2022 taxes shall accrue interest at 12% per annum accruing from the Petition Date until such taxes are paid in full. The 2023 taxes shall accrue interest at 12% per annum accruing from February 1, 2024 until such taxes are paid in full. The monthly payment is estimated to be $187.79.

The remaining provisions under Class 2 Claimants for 2-2 Montgomery County in the Plan at Docket No. 118 remains in effect and is not altered or removed by this paragraph.

**Additional Class 2 Claims Treatment:** Harris County, et al. ("Harris County, Harris County Flood Control District, Harris County Port of Houston Authority, Harris County Hospital District, and Harris County Department of Education") has an allowed secured claim in the amount of $187.28 (Claim No. 35). The Harris County claim is 2023 pre-petition taxes.

In the event the Reorganized Debtor sells, conveys, and/or transfers any of the properties which are the collateral of Harris County, et al.'s claim or post confirmation tax debt, the Reorganized Debtor and/or closing agent shall remit the sales proceeds first to Harris County, et al. and then to any remaining parties. The Reorganized Debtor may pay the pre-petition tax debt to Harris County, et al. at any time.

Harris County, et al. shall retain its statutory lien securing for pre-petition and post-petition taxes. Reorganized Debtor shall pay all post-petition tax liabilities (tax year 2024 and subsequent tax years) owing to Harris County, et al. in the ordinary course of business by the due date. Harris County does not need to file an administrative expense claim or request for payment in order for these taxes to be paid. Should the Reorganized Debtor fail to make the payments as

required in this Plan, Harris County, et al. will provide written notice of default by sending written notice by first class mail to Reorganized Debtor and Debtor's attorney advising of the default and providing the Reorganized Debtor with a period of five calendar days to cure the default. The Reorganized Debtor is entitled to one (1) Notice of Default under this paragraph. If the Debtor does not cure the default in five days, Harris County, et al. may, without further order of this Court or notice to the Reorganized Debtor, pursue all rights and remedies available to it under the Texas Property Tax Code to collect the full amount of all taxes, penalties and interest due.

8. **Class 5 Claimants – Falcon Leasing (This claim is impaired).** Falcon Leasing is fully secured and cross collateralized by a note on a 2010 DMG MORI DuraVertical Mill and a 2012 Citizen Cincom LNS feed M32 Lathe VII with a total value of $210,000.00. Debtor proposes to pay the current secured claim of Falcon Leasing's collateral in the amount of $145,581.94 (which is the secured claim amount minus the initial adequate protection payment of $24,502.56, the ongoing monthly adequate protection payments for February, March and April 2024 in the total amount of $18,376.92) at 9.50% over sixty (60) equal monthly payments. The plan payments will be based on the principal amount upon confirmation, which shall include attorney's fees. The first monthly payment on the secured claim amount will be due and payable 30 days after the effective date, unless this date falls on a weekend or federal holiday, in which case the payment will be due on the next business day.

**5-11 Midland Equipment Finance (Claim No. 34-1).** Midland Equipment Finance is fully secured by a note on the 2021 Doosan VC3600 Vertical Mill Vin: MV0109-000202 which was surrendered back to Midland Equipment Finance. The claim amount filed by Midland Equipment Finance is $132,023.14. Midland Equipment Finance will have 90 days from the time the equipment is picked up to sell it and then file an amended proof of claim for the deficiency. Debtor will treat any deficiency claim in Class 6 of this plan.

9. Notwithstanding anything to the contrary in the Plan, holders of claims against the Debtor are not enjoined from pursuing their rights and remedies against the guarantors of the debts of the Debtor, in accordance with the terms of said guarantees.

Signed :_____.

Signed: March 01, 2024

Jeffrey P. Norman
United States Bankruptcy Judge